# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM NALLY, JR. (N-51494), | ) |
| | ) |
| Plaintiff, | ) Case No. 17-cv-1551 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| SALEH OBAISI, M.D., RONALD SHAEFER, M.D., PARATHASARATHI GHOSH, M.D., RICHARD SHUTE, M.D., IMHOTEP CARTER, M.D., and WEXFORD HEALTH SOURCES, INC., | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

Wexford Health Sources, Inc.'s motion to dismiss [45] is granted in part and denied in part. The plaintiff's *Monell* claims premised upon policies of inadequate staffing or inadequate discipline are dismissed without prejudice. Wexford's motion is denied in all other respects.

## STATEMENT

The plaintiff, William Nally, alleges that during his incarceration at the Statesville Correctional Center he suffered from severe abdominal pain and developed a painful lump on his abdomen. He further alleges that, although these conditions developed in 2010, they remain undiagnosed and that, since 2016, he has been denied access to medications previously effective at managing his resulting pain. Nally sets forth, in detail, his repeated medical requests and his treatment by employees of defendant Wexford Health Sources, as well as the limited number of times that he was seen by outside specialists. As is pertinent here, Nally attributes the alleged failure to effectively treat him to a number of allegedly unconstitutional policies and practices adopted by Wexford. Specifically, Nally asserts that Wexford requires employees to deny medical care due to budgetary constraints, to refrain from referring inmates to off-site specialists, and to minimize or

1

disregard medical needs which might require off-site treatment, and that Wexford does not properly train or discipline employees, require proper documentation of requests for treatment, provide pain medication, or reschedule canceled appointments.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must assert factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

Wexford contends that Nally has failed to make sufficient allegations to link his allegedly deficient treatment to the polices that he has identified. The Court is inclined to agree that the allegations presented do not adequately allege that Nally's injury was linked to inadequate staffing or disciplinary failures. Nally's allegations make no reference to staffing shortages or an absence of discipline, and therefore contain nothing to support the existence of related policies, practices, or customs contributing to the constitutional harm that Nally alleges. Contrary to Wexford's arguments, however, the lengthy history of purportedly inadequate treatment that Nally has alleged provides adequate factual basis for his claims that Wexford had policies encouraging its physicians to deny costly medical care, to avoid referring patients to off-site specialists, and to downplay the condition of patients who might need referrals to off-site specialists. *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016); *see also Steele v. Wexford Health Sources, Inc.*, No. 17 C 6630, 2018 WL 2388429, at *7–8 (N.D. Ill. May 25, 2017) (Durkin, J.) (recognizing that motions to dismiss based on

2

Wexford's alleged cost-cutting policy may be denied where the plaintiff has alleged that he was denied more expensive treatments or has otherwise included additional facts making his claims plausible). The sheer duration of time in which Nally's medical problems were untreated or inadequately managed, moreover, lend strong circumstantial support to his allegations of inadequate training, and he has specifically alleged that appointments were cancelled or rescheduled and that medical requests were disregarded. Nally has also identified multiple other cases making allegations similar to those here. Although the Court disfavors the incorporation of pleadings from other cases, those allegations plausibly evince that the conditions that Nally complains of are not unique to his situation. Accordingly, Wexfords' motion to dismiss is granted with respect to Nally's claims based on policies or practices of inadequate staffing or inadequate discipline but is denied in all other respects.

Date: 1/15/2019     Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge