# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM NALLY, JR., (N-51494) ) | |
| ) | |
| Plaintiff, ) | Case No. 17-cv-1551 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| SALEH OBAISI, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff William Nally, by counsel, brought this Eighth Amendment action for deliberate indifference to a serious medical need pursuant to 42 U.S.C. § 1983 against defendant Parthasarathi Ghosh, M.D., among others. Dr. Ghosh filed the present motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants defendant's motion to dismiss with prejudice.

**Background**

Nally was, and remains, incarcerated by the Illinois Department of Corrections ("IDOC") at the Stateville Correctional Center ("Stateville") medically serviced by Wexford Health Sources, Inc. ("Wexford"). In December 2010, Nally began experiencing severe abdominal pain due to complications with his medications. Nally reported his symptoms to medical technicians within Stateville immediately and was seen by Dr. Ronald Shaefer who ordered lab tests, prescribed an antihistamine and antacid, Zantac and Tums respectively, and scheduled a follow-up appointment. During the follow-up appointment in January 2011, Nally reported continued suffering from severe abdominal pain and Dr. Shaefer ordered an X-ray and prescribed Omeprazole, a heartburn medication. The X-ray came back negative, but the new medication did not alleviate Nally's symptoms.

On April 5, 2011, Nally learned that Dr. Ghosh failed to record Nally's numerous complaints that he made to Dr. Shaefer regarding his severe abdominal pain. Nally further alleges Dr. Ghosh never provided any diagnosis, treatment, or pain relief to Nally for his symptoms. At the time that Nally was suffering from severe abdominal pain and visiting with Dr. Shaefer, Dr. Ghosh served as the Medical Director of Stateville during the period when Nally's symptoms occurred, holding the position from June 2003 until March 31, 2011, when he retired from the practice of medicine.

In his motion to dismiss, Dr. Ghosh argues that Nally's claims against him are untimely based on his retirement date. In response to Dr. Ghosh's motion to dismiss, Nally maintains he lacked sufficient knowledge as to Dr. Ghosh's retirement and did not allege so in the amended complaint. Nally thus argues that any assertion regarding the accrual period being based on Dr. Ghosh's retirement falls outside the scope of facts upon which this Court may rely at this procedural posture.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

2

A limitations defense is not usually resolved on a Rule (12)(b)(6) motion because a plaintiff is not required to anticipate affirmative defenses, such as the statute of limitations. *Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017); *see* Fed. R. Civ. P. 8(c)(1) (explicitly categorizing statute of limitations as an affirmative defense). Nonetheless, dismissal under Rule 12(b)(6) is proper if "a complaint contains everything necessary to establish that the claim is untimely." *Collins v. Village of Palatine, IL*, 875 F.3d 839, 842 (7th Cir. 2017).

**Discussion**

The Court first turns to Nally's argument that consideration of matters outside of the amended complaint, namely Dr. Ghosh's retirement date, would result in reversible error. As a general rule, however, courts may take judicial notice of public records, including public court documents, when ruling on a motion to dismiss. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019); Fed.R.Evid. 201(d). Public documents clearly indicate that Dr. Ghosh retired from Wexford on March 31, 2011. *See Nally v. Ghosh*, No. 13-cv-7268, 2019 WL 588714, at *1 (N.D. Ill. Feb. 13, 2019) (Coleman, J.) ("Dr. Ghosh was the Medical Director at Stateville from June 2003 to March 31, 2011, when he retired from the practice of medicine."); *Diggs v. Ghosh*, No. 14-cv-3563, 2016 WL 9045474, at *4 (N.D. Ill., Jan. 14, 2016) (Darrah, J.) ("Defendant Parthasarathi Ghosh served as the Medical Director at Stateville from 2003 until March 31, 2011").

Having established Dr. Ghosh's retirement date through judicial notice, the Court turns to Dr. Ghosh's argument that Nally's claims are barred by the statute of limitations. Prior to applying the statute of limitations, the Court must determine when the injury in question accrued. *See Cesal v. Moats*, 851 F.3d 714, 721–722 (7th Cir. 2017). The limitations period and tolling rules for claims brought under § 1983 are supplied by state law, and in Illinois, the limitations period for these claims is two years. *See Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019). That said, the accrual date for a § 1983 claim is a question of federal law and generally begins when the plaintiff can file suit and

obtain relief. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); *see also Amin Ijbara Equity*, 860 F.3d at 493 ("Accrual 'occurs when a plaintiff knows the fact and the cause of an injury.'") (citation omitted).

As it relates to Dr. Ghosh, Nally's injury accrued on March 31, 2011, the day Dr. Ghosh retired. As the Seventh Circuit instructs, "if a defendant leaves the institution altogether, his involvement in the alleged wrong is over," therefore, the "date of the defendant's departure thus marks the last possible time when the claim might have accrued." *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 518 (7th Cir. 2019); *see also Heard v. Elyea*, 525 Fed. Appx. 510, 511 (7th Cir. 2013) (citation omitted) ("when a person resigns or retires from his public employment, the claim accrues on that date."). Illinois' two-year statute of limitations gave Nally until April 1, 2013 to file his lawsuit against Dr. Ghosh. Because Nally did not file his complaint until February 27, 2017, Nally's suit is time-barred unless he can establish that his claim against Dr. Ghosh was tolled while he pursued the prison grievance process required by the PLRA, 42 U.S.C. § 1997e(a). *See Wilson*, 932 F.3d at 518; *Cesal*, 851 F.3d at 721.

Keeping in mind that Nally's claim against Dr. Ghosh accrued on April 1, 2011, Nally alleges in his amended complaint that he filed a grievance concerning his severe upper abdominal pain on March 28, 2013. This means that the two-year limitations period ran for all but three days during this period. Nally also alleges that he had exhausted all of his administrative remedies as to the claims asserted in the amended complaint prior to filing the present lawsuit. Accordingly, for Nally's claim against Dr. Ghosh to be timely, the Court would have to make the unreasonable inference that Nally's administrative remedies as to Dr. Ghosh were tolled up until three days or less prior to filing this lawsuit. The Court will not make this unreasonable inference. As such, Nally has pleaded himself out of court as to his exhaustion argument. *See Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999).

**Conclusion**

For the foregoing reasons, the Court grants defendant's Rule 12(b)(6) motion to dismiss with prejudice. [76].

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 10/24/2019